Filed 5/21/21  P. v. Rodriguez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B307257 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA460930) |
| v. | |
| JESSE RODRIGUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen A. Marcus, Judge.  Affirmed.

Jesse Rodriguez, in pro. per.; Law Offices of John F. Schuck and John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

**INTRODUCTION**

Appellant Jesse Rodriguez challenges the trial court's denial of his request to strike an enhancement under Penal Code section 667, subdivision (a)(1), after remand for resentencing pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.) (SB 1393).[1] Appellant's appointed counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), requesting that this court conduct an independent review of the record. Appellant has filed a supplemental brief raising various contentions in support of striking the enhancement. Having considered appellant's arguments and having reviewed the record independently, we affirm.

**BACKGROUND**

In 2018, a jury convicted appellant of assault with a deadly weapon, and he was sentenced to a total of 22 years in prison, including a five-year enhancement for a prior serious felony under section 667, subdivision (a)(1). At the time of sentencing, former section 1385 precluded the trial court from striking this enhancement. (See former § 1385, subd. (b).) In appellant's initial appeal, we affirmed his conviction but remanded the matter for the trial court to consider exercising its newly granted discretion to strike the enhancement under SB 1393, which eliminated section

---

[1]    Undesignated statutory references are to the Penal Code.

1385's prior prohibition.[2]  (*People v. Rodriguez* (Nov. 27, 2019, B291210) 2019 Cal.App.Unpub. LEXIS 7997, at *2.)

At the resentencing hearing on remand, the trial court recounted appellant's extensive criminal history, which included prison terms in 1991 (six years), 1996 (two years), 1998 (two years), 1999 (three years), 2005 (five years), and 2009 (six years), and several jail terms beginning in 2013. While most of appellant's prior offenses were nonviolent, his record included convictions for brandishing a deadly weapon (§ 417, subd. (a)(1)) and violating a domestic violence protective order (§ 273.6, subd. (a)).  Noting that it was "overwhelmed" by appellant's record and that appellant had failed to take advantage of numerous opportunities to reform, the court declined to strike the prior serious felony enhancement.  Appellant timely appealed.

## DISCUSSION

After reviewing the record, appellant's court-appointed counsel filed an opening brief requesting this court independently review the record under *Wende, supra,* 25 Cal.3d 436.  Counsel also advised appellant of his right to submit a supplemental brief raising any contention he wished the court to consider.  In response, appellant submitted a supplemental brief.

In his brief, appellant asserts that he has no history of violence, that he is in bad health, that he was not the

---

[2]      We also instructed the trial court to strike other enhancements not relevant to this appeal.

3

aggressor in the incident leading to his conviction, and that the victim was not seriously injured.  Appellant also points to the Los Angeles District Attorney's recent directives regarding the charging of sentencing enhancement allegations.  (See Los Angeles County District Attorney Special Directives 20-08, available at <https://da. lacounty.gov/sites/default/files/pdf/SPECIAL-DIRECTIVE-20-08.pdf> [as of May 19, 2021], and 20-08.1, available at <https://da.lacounty.gov/sites/default/files/pdf/ SPECIAL-DIRECTIVE-20-08.1.pdf> [as of May 19, 2021].) Based on these factors, appellant asks us to strike his prior serious felony enhancement.  Construing this request as a contention that the trial court erred in failing to strike the enhancement, we find no error.

We review the trial court's sentencing decision for abuse of discretion.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  We may not reweigh the sentencing factors or substitute our judgment for that of the sentencing judge. (*People v. Scott* (1994) 9 Cal.4th 331, 355.)  Absent a showing that the sentencing decision was irrational or arbitrary, we must presume the trial court acted to achieve legitimate sentencing objectives, and its discretionary determination will not be set aside on review.  (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)

The trial court permissibly considered appellant's extensive criminal history and repeated failures to rehabilitate as aggravating factors militating against striking the enhancement.  (See Cal. Rules of Court, rule

4

4.421(b)(2) & (3) [aggravating sentencing factors include having numerous prior convictions and serving prior prison or jail term].) Contrary to appellant's contention, his criminal history included offenses suggestive of violent tendencies: he had been convicted of brandishing a deadly weapon and violating a domestic violence protective order, in addition to his current offense of assault with a deadly weapon. To the extent appellant points to potential mitigating factors, the trial court was not compelled to find them determinative, and we will not reweigh them on appeal.[3] (See *People v. Scott*, *supra*, 9 Cal.4th at 355.) Finally, the district attorney's directives, which appellant cites, guide the work of prosecutors and do not constrain the trial court's discretion. The court's decision was neither arbitrary nor irrational.

We have examined the entire record and are satisfied no arguable issue exists. By virtue of counsel's compliance with the *Wende* procedure and our review of the record, appellant has received adequate and effective appellate review of the judgment. (See *Smith v. Robbins* (2000) 528 U.S. 259, 278-279.)

---

[3] Appellant suggests he acted in self-defense in the incident underlying his offense, but the jury necessarily rejected this claim in finding him guilty. Appellant does not challenge his conviction, which we have already affirmed in his prior appeal.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

WILLHITE, J.

CURREY, J.

6